Bryce C. Loveland, Esq., Nevada Bar No. 10132
William D. Nobriga, Esq., Nevada Bar No. 14931
Molly R. Marias, Esq., Nevada Bar No. 16577
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: bcloveland@bhfs.com
       wnobriga@bhfs.com
       mmarias@bhfs.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG CLOVE, an individual<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA<br><br>Defendant. | CASE NO.: 2:24-cv-02348-APG-DJA<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, Craig Clove ("Clove"), and Defendant, Teamsters Local 631 Security Fund for Southern Nevada (the "Security Fund"), jointly move this Court for review of the Parties' proposed discovery plan in this matter.

**I.     Rule 26(f) Conference.**

In accordance with Federal Rule of Civil Procedure 26(f), a meeting was held on May 28, 2025, attended by Philip J. Trenchak, Esq., counsel for Clove, and William D. Nobriga, Esq., and Molly R. Marias, Esq., counsel for the Security Fund. Counsel discussed the claims and legal issues at the meeting and agreed that the following schedule is suited for this lawsuit for the reasons set forth below.

///

///

1

II.  **Nature of Case.**

This dispute involves Clove's claims for the denial of health benefits under the Security Fund's plan documents. Clove's Complaint alleges a single claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). Clove claims that the Security Fund wrongfully denied him benefits, justifying a lawsuit under 29 U.S.C. § 1132(a)(1)(B). The Security Fund disagrees that it wrongfully denied Clove benefits, and the Security Fund also maintains that the lawsuit was filed untimely.

Discovery in this case is limited to the administrative record for Clove's administrative claim and appeal. This record is limited to Clove's arguments for payment of benefits and any supporting documentation contained in his claim or appeal, the Security Fund's responses to his claim and appeal, and the Security Fund's plan document.

The Security Fund's counsel attempted to resolve any disagreements regarding a proposed scheduling order with Clove's counsel, but no agreement could be reached. As a result, the parties list their respective positions in accordance with LR 26-1(a).

III. **The Security Fund's Proposed Plan.**

The Security Fund proposes the following schedule:

A. **Production and Review of the Administrative Record**: The Security Fund and Clove are in possession of the administrative record in this matter. However, to ensure agreement, the Parties propose that the Security Fund produce a proposed administrative record for Clove's review by **June 26, 2025**. On or before **July 3, 2025**, Clove will notify the Security Fund of his position on the following issues: (1) whether Clove believes that any additional documents should be added to the administrative record and (2) whether Clove believes that any documents contained in the proposed administrative record should be omitted.

B. **Filing of Administrative Record**: On or before **July 10, 2025**, the Parties will file a joint administrative record with this Court. In the event the Parties cannot reach an agreement on the joint administrative record, the Security Fund will file the administrative record it deems appropriate. After the administrative record is filed, Clove will file any motions he believes are appropriate by **July 17, 2025**.

2

33861911.2

C. <u>Briefing Schedule for Legal Issues/Merits of the Case</u>: The primary legal issue in this matter is whether this Court should affirm the Security Fund's decision to deny Clove's eligibility for health benefits under the Security Fund' plan document.

After the Parties timely file the joint administrative record, the Parties propose that all dispositive motions be filed no later than **September 17, 2025**. Thereafter, and in accordance with Local Rule 7-2(b), the Parties will file opposing memoranda by **October 8, 2025**. Replies in support of dispositive motions will be due by **October 22, 2025**.

D. <u>Alternative Dispute Resolution</u>: The Parties conferred about the possibility of using alternative dispute resolution processes and agree that non-binding mediation is not an appropriate method for resolving this matter.

E. <u>Alternative Forms of Case Disposition</u>: The Parties certify that they have considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. At this time, the Parties do not consent to trial by a magistrate judge. The Parties have further considered use of the Short Trial Program (Gen. Ord. 2013-01) but do not yet consent to a short trial.

F. <u>Extensions and/or Modifications of the Discovery Plan and Scheduling Order</u>: Local Rule 26-4 governs extensions or modifications of this discovery plan and scheduling order. Any stipulation or motion must be made no later than 21 days before the expiration of the subject deadline sought to be extended and must fully comply with Local Rule 26-4.

## IV. Clove's Proposed Plan.

In response to the Security Fund's proposed plan, Clove's counsel feels that there are unique issues of fact and law in this matter that may require additional discovery over and above what Defendant's Counsel feels is necessary. Counsel for Plaintiff, Craig Clove, would like to start the six (6) month period from the date the 26(f) was engaged in on May 28, 2025. We request special scheduling that departs from Local Rule 26(b)(1), and that the proposed six (6) month deadline provides ample time to resolve this case on its merits.

///

///

33861911.2

The proposed plan should reflect ample time to engage in discovery without requiring court intervention in order to inevitably request more time from the court to complete discovery.

DATED this 2nd day of June, 2025.

| | |
|---|---|
| **BROWNSTEIN HYATT FARBER SCHRECK, LLP** | **THE LAW OFFICES OF PHILIP J. TRENCHAK, ESQ., PC** |
| /s/ William D. Nobriga | /s/ Philip J. Trenchak |
| Bryce C. Loveland, Esq., Bar No. 10132<br>William D. Nobriga, Esq., Bar No. 14931<br>Molly R. Marias, Esq., Bar No. 16577<br>100 North City Parkway, Suite 1600<br>Las Vegas, Nevada 89106-4614<br>Telephone: (702) 382-2101<br>Facsimile: (702) 382-8135 | Philip J. Trenchak, Esq., Bar No. 9924<br>1614 South Maryland Parkway<br>Las Vegas, Nevada 89104<br><br>*Attorney for Plaintiff, Craig Clove*<br><br>Dated this 2nd day of June, 2025. |
| *Attorneys for Defendant, Teamsters Local 631 Security Fund for Southern Nevada* | |

Dated this 2nd day of June, 2025.

Defendant proposes a briefing schedule given the administrative nature of this action. *See* LR 16-1(c)(1). Plaintiff asserts that he believes additional discovery is necessary and that special scheduling review is necessary. But Plaintiff provides no explanation about why discovery beyond the administrative record is necessary, why special scheduling review is necessary, and does not propose a discovery plan.

Because Plaintiff has not supported his request, the Court grants Defendant's proposed schedule.

IT IS SO ORDERED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2025

33861911.2