**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG L. CLOVE, | Case No.: 2:24-cv-02348-APG-DJA |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment, Denying Plaintiff's Motion for Summary Judgment, and Denying as Moot Defendant's Motion to Dismiss** |
| v. | |
| TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA, | |
| Defendant | [ECF Nos. 14, 22, 23] |

Craig Clove sues Teamsters Local 631 Security Fund for Southern Nevada (Fund) under the Employee Retirement Income Security Act (ERISA) for health coverage he asserts he is entitled to under the Fund's employee welfare benefit plan (the Plan). Clove alleges that the Fund did not notify him that as a retired former member of Teamsters Local 631 he could retain health insurance benefits at a reduced rate through the Plan. Almost three years after he retired, Clove applied for coverage, but the Fund denied his application, asserting that he did not timely apply. Clove appealed, but the Fund denied the appeal because it concluded that Clove did not timely apply and was ineligible for coverage. Clove then filed this suit under ERISA.

The Fund moves to dismiss, and the Fund and Clove each move for summary judgment. The parties dispute whether Clove timely applied for coverage, whether Clove is eligible for coverage under the Plan's terms, and whether Clove timely filed this lawsuit after the Fund denied his appeal. I grant summary judgment in favor or the Fund because the Fund did not abuse its discretion in determining that Clove is ineligible for coverage. I therefore deny Clove's summary judgment motion and deny as moot the Fund's motion to dismiss.

/ / / /

# I. BACKGROUND

Clove worked for employers who contributed to the Teamsters Local 631 Security Fund for Southern Nevada. ECF No. 19-2 at 4, 10, 13, 16, 224. His last day of work with a contributing employer was April 29, 2018, and he retired on April 1, 2021. *Id.* at 4. The Teamsters Pension Plan approved him for a pension. *Id.* at 7-8.

In January 2024, Clove applied to the Fund to participate in the retiree program for health care coverage. *Id.* at 4. About a month later, the Fund denied his application based on the Plan's language that a retiree must "timely file[] a completed written application with the Plan and timely submit[] any other Enrollment or eligibility documents or information required by the Plan." *Id.* at 9; *see also id.* at 108 (Plan document setting forth this requirement). The Fund concluded that Clove's application, filed nearly three years after he retired, was untimely under this provision. *Id.* at 4, 9. Clove appealed. *Id.* at 3.

The Fund denied Clove's appeal because his application was untimely and because he did not meet eligibility requirements regarding the number of contribution hours. *Id.* at 2, 15. The Plan requires a contributing employer to make contributions on the retiree's behalf for a minimum of 500 hours per year for at least five of the last seven years immediately preceding retirement. *Id.* at 15, 108. Clove's employee history report shows that in the seven years preceding his retirement date, employers contributed at least 500 hours on his behalf in only four of those years. *Id.* at 10, 13; ECF No. 21-2. The Fund sent Clove a denial letter dated September 16, 2024[1] setting forth this reasoning and again reiterating that Clove's application was untimely. ECF No. 19-2 at 15.

---

[1] It is unclear from the record how the appeal denial letter was sent (mail, email, or some other means), when it was sent by those means, or when Clove received it.

Clove thereafter filed this lawsuit on December 16, 2024. ECF No. 1.  The Plan states that "[n]o legal or equitable action may be brought against the Plan, the Trustees, the Union or any Contributing Employer or its delegate relating to any dispute over benefits under this Plan more than 90 days after a final decision under the claims and appeal procedures." ECF No. 19-2 at 133.  According to the Fund, Clove's lawsuit is untimely under this provision because 90 days from September 16 is December 15, so Clove's suit is one day late.  Clove asserts his lawsuit is timely because December 15, 2024 was a Sunday, so he had until the following day to file suit.

## II.  ANALYSIS

The Fund argues three bases for judgment in its favor.  First, it argues that Clove's amended complaint does not allege what Plan provision the Fund violated.  Second, it argues that it properly denied Clove's application as untimely and for ineligibility.  Finally, the Fund argues that Clove did not timely file this lawsuit within 90 days of the appeal denial.

Clove asserts that the Plan contains no specified time limit for a retiree to file an application for coverage and does not define "timely," so the Fund's decision that his application was untimely was arbitrary and capricious.  He also asserts that the Fund breached its duties under ERISA by failing to provide him with timely and adequate notice of his benefit options as a retiree, and the Fund thus cannot rely on a deadline it did not communicate to him.  Clove states that he "met all substantive eligibility requirements for retiree coverage, including at least two years of 500 covered hours (or equivalent) in the seven years preceding his retirement date . . . ." ECF No. 23 at 4.[2]

---

[2] Clove makes this same statement in an affidavit attached to his summary judgment motion. ECF No. 23-1 at 2.  The Fund objects to Clove's declaration as outside the administrative record. But even if I considered it, it would not change the result.  It is unclear why Clove refers to two years of 500 contribution hours when he had four years of contribution hours.  Regardless, the Plan clearly and unambiguously requires at least five years of 500 contribution hours.

3

**A.  I review the Fund's decisions for abuse of discretion but weigh a procedural violation in deciding whether the Fund abused that discretion.**

I "review a plan administrator's denial of benefits de novo unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits." *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1168-69 (9th Cir. 2015) (quotation omitted).  If a plan grants that discretion, I review for an abuse of discretion "even if the administrator has a conflict of interest." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc) (footnote omitted); *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1103 (9th Cir. 2003).  But if a conflict of interest exists, "that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Abatie*, 458 F.3d at 965 (simplified).  The Fund bears the burden of proving the Plan grants it discretionary authority. *Prichard*, 783 F.3d at 1169.

The Plan gives the Fund's board of trustees "the exclusive right, power and authority in their sole and absolute discretion, to administer, apply and interpret this health and welfare plan and all other documents that describe the Plan and Trust Fund."[3] ECF No. 19-2 at 133.  The Plan also has a separate provision giving the trustees "full and complete authority and discretion

---

[3] The Plan also states that the trustees may "decide all matters arising in connection with the operation and administration of the Plan," that "benefits shall be paid only if the Trustees, in their discretion, decide that a Participant is entitled to them," and "judicial review of any Trustee decision must be done in deference to the Trustees' decision." ECF No. 19-2 at 133.  The Plan grants the trustees "the sole and absolute discretionary authority" to "take all actions and make all decisions with respect to the eligibility for, and the amount of, benefits reimbursed under the Plan," to "formulate, interpret and apply rules, regulations, interpretations, practices and policies necessary to administer the Plan in accordance with its terms," to "decide questions, including legal or factual questions, relating to the calculation and payment of benefits under the Plan," to "resolve and/or clarify any ambiguities, inconsistencies and omissions arising under the Plan or other Plan documents," and to "process, and approve or deny, benefit claims and rule on any benefit exclusions." *Id.* at 133-34.

to interpret and apply the Plan rules governing Retirees' benefits, and to change or modify the Retiree eligibility rules or the benefits for Retirees . . . ." ECF No. 19-2 at 113.  Accordingly, the Fund has met its burden to show that the Plan gives the trustees discretionary authority to decide benefit eligibility.  I thus review the Fund's decisions for an abuse of discretion.

Clove asserts that I should view the Fund's decisions with skepticism because it has a conflict of interest due to its "dual role in funding and deciding claims." ECF No. 23 at 9.  Clove does not cite anything to support his assertion that the Fund has a conflict of interest.  The Plan states that it is "sponsored and administered by a joint labor-management Board of Trustees pursuant to an Agreement and Declaration of Trust." ECF No. 19-2 at 144.  The Plan identifies its funding source as contributions from employers who are parties to collective bargaining agreements that require contributions to the Fund. *Id.* at 145; *see also id.* at 237.  The Fund's declaration of trust provides for a board of trustees whose members are selected by the employers and the Union. *Id.* at 242.  And the declaration of trust provides that "no part of this Fund shall revert to any Employer." *Id.* at 236.  As the contributions come from employers and cannot revert to those employers, no conflict of interest impacts the abuse of discretion analysis.

However, "procedural irregularities" also may "affect the abuse of discretion review." *O'Rourke v. N. Cal. Elec. Workers Pension Plan*, 934 F.3d 993, 998-99 (9th Cir. 2019).  A "procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Abatie*, 458 F.3d at 972.

Although not raised by Clove, there is a procedural irregularity here because the Fund gave Clove a new reason for denial in its final decision.  The Fund initially denied Clove's application based solely on untimeliness, but the Fund denied Clove's appeal based on both untimeliness and ineligibility.  Under ERISA, "[w]hen an administrator tacks on a new reason

for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level, the administrator violates ERISA's procedures." *Id.* at 974 (footnote omitted).  I therefore weigh this procedural violation in determining whether the Fund abused its discretion. *Id.*

**B.  The Fund did not abuse its discretion by determining Clove is ineligible.**

The abuse of discretion standard is the same as "arbitrary and capricious review." *Tapley v. Locs. 302 & 612 of Int'l Union of Operating Eng'rs-Emps. Const. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013) (quotation omitted).  I look to the Plan's "plain language," and interpret it "in an ordinary and popular sense as would a person of average intelligence and experience." *Id.* at 1140 (quotation omitted).

The Plan clearly and unambiguously states that a retiree is eligible if, among other requirements, the "Contributing Employer for whom the Retiree worked has contributed to the Plan (minimum 500 hours per year or equivalent) on behalf of the Retiree as an Employee for at least five (5) of the last seven (7) years immediately preceding retirement." ECF No. 19-2 at 108.  The evidence shows that Clove has not met this requirement because he has only four years of 500 contribution hours in the seven years preceding his retirement. ECF No. 21-2.  Clove argues that his work history record "supports [his] eligibility when viewed favorably." ECF No. 32 at 14-15.  But Clove does not explain how.  Nothing in the record shows five years of at least 500 contribution hours in the seven years before he retired.  Even considering the procedural irregularity, the Fund did not abuse its discretion in determining that Clove is ineligible.

Clove contends that issues of fact remain regarding whether the Fund "provided adequate notice of eligibility." ECF No. 32 at 15.  It is unclear what Clove means by this statement.  Clove is not eligible, and the Fund told him why he was not eligible in its appeal denial letter.  Even if

the Fund was required to give Clove notice of the eligibility requirements and did not do so, he would not meet those requirements.

Finally, Clove alludes to needing discovery under Federal Rule of Civil Procedure 56(d), but he has not complied with the Rule's requirements. He has not (1) "set forth in affidavit form the specific facts [he] hopes to elicit from further discovery; (2) [that] the facts sought exist; and (3) [that] the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (quotation omitted). He also did not comply with the Local Rules by filing a separate motion requesting that relief. *See* LR IC 2-2(b).

I therefore grant summary judgment in the Fund's favor. As a result, I deny Clove's summary judgment motion. I deny the Fund's motion to dismiss as moot.

## III. CONCLUSION

I THEREFORE ORDER that defendant Teamsters Local 631 Security Fund for Southern Nevada's motion to dismiss **(ECF No. 14) is DENIED as moot**.

I FURTHER ORDER that defendant Teamsters Local 631 Security Fund for Southern Nevada's motion for summary judgment **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that plaintiff Craig L. Clove's motion for summary judgment **(ECF No. 23) is DENIED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Teamsters Local 631 Security Fund for Southern Nevada and to close this case.

DATED this 18th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE